Mr. Chief Justice Shamcet
delivered the opinion of the court.
Two points were made in argument which were relied on by the counsel for the plaintiff in error to reverse the judgment of the circuit court. The first is, that the court erred in overruling *599 the plaintiff’s demurrer to the defendant’s bill of discovery. By the bill of discovery, a usurious contract is set out as being the foimdation of the action, and the plaintiff was called on to answer facts in relation to the contract and the manner of its consummation. In support of the demurrer it is insisted that the party seeking the discovery should have offered to pay the legal interest, and that the plaintiff was not bound to answer because it would subject him to a forfeiture of legal interest. The rule is well settled, that no one is bound to answer so as to subject himself to a forfeiture or penalty, or any thing in the nature of a forfeiture or penalty. Mitford’s Pleadings, 193-4; 4 Johns. Chan. Rep. 432. But there is nothing like a penalty or forfeiture attached to the discovery sought. A penalty and forfeiture are either a punishment or something nearly approaching to it, and in the nature of a punishment, imposed as a consequence of the violation of some law or municipal regulation, but this is a mere matter of fact by which the nature of a contract is to be determined. If the taking of usury was an offence against law, as it is in some countries, the question would be different. In this instance it is a mere question, as to the right to recover a certain amount, and the right of recovery depends upon the nature of the contract. In a note to 1 Vernon’s Reports, 110, most of the cases on this subject are collected and commented on; and by examination it will be found that none of them have gone so far as to relieve a party from answering on the ground that it would subject him to a mere pecuniary loss, which he could not in justice claim, or that the answer would affect his right of action for the recovery of a sum of money in violation of law. In a note to Mitford’s Pleadings, p. 195, n. 2, is a case cited directly in point. A defendant demurred to a bill seeking discovery which would have imposed a liability under the statute of usury, but it appeared that the penal-action was barred by the statute of limitations, and it was therefore held that there was no ground for the demurrer. There is, therefore, nothing in this objection which will justify a reversal of the judgment.
The next objection is that the court permitted the bill of discovery to go to the jury as evidence; but this is equally without *600 foundation. No rule is better settled than that the material allegations in a bill which are neither admitted nor denied by the answer are to be taken as true. The court was requested to give this charge by the defendant’s counsel, and it should have been given but the court in reality did not go so far. The only charge given was that the jury might give such weight to the parts of the bill which were not confessed or denied by the answer as they might think it entitled to. This was putting it on the most favorable ground for the plaintiff. But in reality the material parts of the bill were sufficiently' answered to establish the contract as alleged, and the usury being sufficiently proved, the jury did right in disallowing it.
The only ground well taken' in support of the errors assigned arises on the amount to which the plaintiff was entitled exclusive of the usurious interest. On a calculation of the amount really due exclusive of all interest, there appears to be a balance in favor of the plaintiff of about 41 dollars. This amount he was entitled to as the remainder due on the original agreement, and the jury should have allowed it, and for this reason the court should have granted a new trial.
Judgment reversed and venire de novo awarded.